Case 4:25-cv-02599   Document 6   Filed on 06/24/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NELSON D. MARTINEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-2599 |
| § | |
| ED GONZALEZ, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Nelson D. Martinez, seeks habeas relief under 28 U.S.C. § 2241. After reviewing the pleadings under Rules 1 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** without prejudice for the reasons that follow.

### I.   BACKGROUND

Martinez previously filed a separate petition under § 2241 in this Court. *See Martinez v. Gonzalez*, Civil Action No. 4:25-0275 (S.D. Tex.). His petition, filed on January 23, 2025, pertained to charges pending against him for aggravated assault against a public servant, Case No. 189283201010, 339th District Court of Harris County. Martinez claimed that his arrest on January 17, 2025, violated his rights and that the trial court lacked jurisdiction, among other claims. On May 22, 2025, the Court dismissed his petition without prejudice for failure to exhaust all available state remedies before seeking federal habeas relief. At the time of dismissal, Martinez had been released on bond.

Publicly available records from Harris County for Case No. 18928320101B reflect that, on June 13, 2025, the judge for the 339th District Court entered a judgment of bond forfeiture and ordered Martinez's arrest. The court's order states that Martinez failed to appear before the court on June 4, 2025. *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited June 18, 2025).

Martinez's current petition under § 2241 also challenges proceedings in Case No. 189283201010. His petition alleges that authorities in Harris County issued an unlawful capias warrant on June 4, 2025, without probable cause or a new indictment; that his due-process rights have been violated in connection with certain trust documents regarding property in Harris County and Elko County; that authorities have subjected him to pretrial abuse because he is "under threat of bodily seizure"; and that this Court improperly dismissed his habeas petition in Civil Action No. 4:25-0275 on exhaustion grounds when no state remedy is available to him (Dkt. 1, at 3, 7-8). He did not sign the writ (*id*. at 9).

Martinez also filed a request for emergency relief (Dkt. 2), a motion to decline magistrate jurisdiction (Dkt. 4), and a motion for summary judgment (Dkt. 5) that seeks immediate removal of electronic monitoring restraints.

The Texas appellate courts' public website reflects no habeas petition filed in the Court of Criminal Appeals by Martinez regarding proceedings in the 339th District Court. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited June 18, 2025).

## II.   EXHAUSTION OF STATE COURT REMEDIES

As in Civil Action No. 4:25-0275, Martinez seeks habeas relief under 28 U.S.C. § 2241, which authorizes a federal writ of habeas corpus if a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: the petitioner must be "in custody" for purposes of § 2241(c) and the petitioner must have exhausted available state remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Martinez does not meet the second prerequisite because he did not exhaust available state court remedies before seeking relief in federal court.[1]

Although the statutory text of § 2241 does not contain an express exhaustion requirement, "courts have grafted an exhaustion requirement onto § 2241[.]" *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). As explained by the Fifth Circuit, this requirement stems from the theory that federal courts should abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that

---

[1]   Martinez's filings indicate that he is not currently detained in the Harris County Jail. However, he nevertheless could be "in custody" for purposes of the habeas statutes. *See Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984); *see Spikes v. Lancaster*, No. CV 22-741, 2023 WL 2569447, at *5 (E.D. La. Jan. 23, 2023) (collecting cases), *report and recommendation adopted,* 2023 WL 2562792 (E.D. La. Mar. 17, 2023). If Martinez is no longer "in custody," his petition is subject to dismissal under 28 U.S.C. §2241(c).

>jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. The exhaustion requirement "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id.* A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and has presented his claims "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted).

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies habeas relief under article 11.08, the prisoner's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

As explained above and in the Court's order in Civil Action No. 4:25-0275, an application for habeas corpus may be filed by a person accused, but not convicted of, a

felony. *See* TEX. CODE CRIM. PROC. art. 11.08. Because Martinez has not yet presented a habeas application to the Court of Criminal Appeals, the exhaustion requirement is not satisfied. Online court records reflect that the criminal case against Martinez is being actively litigated. Martinez does not allege facts supporting a finding that a remedy for his constitutional claims is unavailable from the Texas courts.

Additionally, under the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention" or "nonintervention," is based on considerations of equity, comity, and federalism. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 & n. 4 (5th Cir. 1992); *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Martinez does not show that exceptional circumstances are present or that federal court intervention is warranted.

The Court therefore concludes that the pending federal habeas petition must be dismissed without prejudice because, at this time, he has not exhausted all available state court remedies.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions challenging detention in state custody require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

For the reasons stated above the Court orders as follows:

1. The petition for a writ of habeas corpus filed Nelson Daniel Martinez is **DISMISSED without prejudice** because Martinez did not exhaust all available state remedies before seeking federal habeas relief.

2. All pending motions are **DENIED** as moot.

3. A certificate of appealability is denied.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on     June 24                   , 2025.

*George C. Hanks, Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE